| | |
|---|---|
| HON. ASAHEL PECK,<br>HON. HOMER E. ROYCE,<br>HON. JONATHAN ROSS, | } ASSISTANT JUDGES. |

---

STATE *v.* BENJAMIN H. WOOLEY, APPELLANT; STATE *v.* JOHN W. CRAMTON, APPELLANT; STATE *v.* JOHN A. SALISBURY, APPELLANT.

*Affirmance of Justice Judgment. Grand Juror. Tender.*

The petition to the county court to affirm the judgment of a justice, where the respondent in a criminal prosecution had appealed and neglected to enter his appeal, is in the nature of a motion, and need not be made by the officer to whose duties it more properly pertains. It is not decided in case a criminal case comes into the county court on a petition to affirm the judgment of a justice, from which the respondent had appealed, whether the authority of the State's attorney was paramount to that of the grand juror who prosecuted the case before the justice. It was competent for the county court to decide whether the State was properly represented.

The duty of the justice to receive money in payment of a fine and cost, where the respondent appealed, is suspended when the time within which the respondent had a right to pay expired and could be revived only in the event that neither party entered the appeal.

The tender, in this case, not being large enough to cover interest and pay for appeal papers, was insufficient in amount.

THIS was a petition for the affirmance of a judgment, rendered on the 20th day of December, 1870, by B. W. Marshall, a justice of the peace, on complaint of Joel C. Baker, a grand juror of Rutland, for violation of the statutes relating to the traffic in intoxicating drinks: from which the respondent had appealed to this term of this court, and had not entered his appeal.

The respondent appeared by attorney, and objected to the affirmance. Evidence was introduced from which it appeared that said Baker delivered the petition and copies of record to the clerk of this court, on the 7th day of April, to be entered for affirmance; that the cause was not then entered upon the docket, but was left to have the attention of the court called to it for some purpose; that on the 17th day of April the attorney of the respondent called upon the justice and offered to pay the fine and costs; that the justice told the attorney that his files were with said Baker, and to tell Baker to take the money; that the attorney then went to Baker's office, and not finding Baker there, went to the clerk's office, near by, and left the amount of the fine and costs in money with the clerk for Baker, for the justice, and took a receipt for it—the receipt is made a part of this finding; that on the next day, April 18th, the clerk offered the money to Baker, and he declined to receive it; the cause was then entered upon the docket. The money is still with the clerk.

Upon these facts the court overruled the respondent's objections to the affirmance of the judgment, and rendered judgment that the judgment of the justice be affirmed. To this decision the respondent excepted.

Each of the three cases stood on precisely the same facts.

The following is a copy of the receipt referred to:

RUTLAND, 17 April, 1871.

| " Rec'd of John W. Cramton, | $27 69 |
| Benj. H. Wooley, | 37 69 |
| and John A. Salisbury, | 27 69 |

all by hand of W. H. Smith, in full fines and costs, State against them, before B. W. Marshall, Justice Peace, 20 Dec., 1870.

JOEL C. BAKER,<br>for Marshall,<br>per Smith."

*Warren H. Smith* and *John Prout,* for the respondents.

*Joel C. Baker,* for the State..

The opinion of the court was delivered by

PECK, J.    The only question is whether the county court erred in matter of law in affirming the judgment of the justice.

It is insisted on the part of the defense that the town grand juror, on whose complaint the case was prosecuted before the justice, had no authority to represent the State in the county court in procuring the affirmance of the judgment, on neglect of the respondent to enter his appeal ; and that the State's attorney was the proper person for that purpose.   A petition in behalf of the appellee for affirmance of judgment, is not like a complaint of a prosecuting officer for a crime, by which the proceeding is instituted and upon which the prosecution is to proceed ; and which must be over the official signature of the prosecuting officer ; but the act of procuring the judgment affirmed is in the nature of a motion, and need not be done personally by the officer to whose duties it most properly pertains.   Whether the authority of the State's attorney in the matter was paramount to that of the grand juror who instituted and prosecuted the case before the justice, or not, we need not and do not decide ; for in the absence of proof to the contrary, his acquiescence, if necessary, is to be presumed.   Again, in a proceeding of this kind it was competent for the county court to decide whether the State was properly represented by the person who presented the copies of appeal and moved for affirmance of the judgment ; and even if this question was raised in the county court,—which does not appear—we find no error upon this point.

But it is insisted by respondent's counsel that the fine and costs had been paid to the justice, or to the clerk, before the decision

of the court affirming the judgment of the justice, and that for that reason the court erred in affirming the judgment. The statute allowing an appeal from the judgment of a justice of the peace in criminal cases to the respondent, provides that " if the appellant shall fail to enter his appeal in the county court, within the time prescribed by the rules of such court, the appellee may enter the same for affirmance ; and if no good cause be shown to the contrary, the same shall be affirmed with additional costs." Gen. Stats., p. 285, ch. 31, § 64. By the act of 1865, p. 22, Gen. Stats., p. 872, in relation to appeals in criminal cases, it is in effect provided that the appeal by the respondent shall not vacate the judgment or sentence, but shall suspend it till after the final adjournment of the court at the term thereof to which the appeal is taken ; when, if neither party enters the appeal at such term, the justice may enforce his judgment, and that the respondent, in cases where the sentence is for fine and costs only, may tender or pay to the justice the fine and costs with interest, at any time after the appeal to twelve days before the session of the court to which the case is appealed ; which sum the justice shall receive and enter on his record, which shall be a full satisfaction of the judgment. The judgment in this case was rendered December 20, 1870 ; the county court to which the appeal was taken had been in session from the 2d Tuesday of March, 1871, to April 17th, 1871, when the attempt at payment was made, on which the respondent's counsel rely. It must be intended that the *time prescribed by the rules of court* for entering appeals had expired, as error cannot be presumed, but must be shown. The time having passed within which the respondent had a right by the statute to make payment, it is incumbent on him to show actual payment to some one author·ized to receive it. The clerk of the county court as such had no such authority ; and even if the justice had authority to receive the money at the time in question, he never did receive it, either himself or by another ; for his telling the respondent's attorney to tell Baker, the grand juror, to take the money, was never acted on by payment to Baker. The utmost that can be claimed from what was done under it is, that the subsequent depositing of the money with the clerk, for Baker or the justice, and the offer of it

by the clerk to Baker the next day, and his refusal to receive it, would amount to a tender of that amount to Baker and the justice, and a refusal. Such tender and refusal at that time would be no bar to an affirmance of the judgment, unless the justice at that stage of the proceeding was bound to receive payment; but the duty of the justice to receive payment was suspended when the time prescribed by the statute, within which the respondent had a right to pay, expired; and could be revived only in the event that neither party entered the appeal during the term of court to which the appeal was taken. But there is another ground justifying the judgment of the county court, which is, the insufficiency of the money left with the clerk in amount. It included no interest on the judgment rendered by the justice, which the statute requires the respondent in such case to pay. It does not appear that the respondent ever offered to pay this interest, not even at the hearing, or to pay for the expense the State had incurred for the copies of appeal which had been procured and lodged with the clerk for affirmance of the judgment,—though not actually entered on the docket—before any offer of payment whatever was made. The case shows no error in the judgment of the county court, and that judgment, affirming the judgment of the justice, is affirmed. In *State* v. *Salisbury*, and in *State* v. *Cramton*, heard with this case, and in which the facts and the decision of the county court are the same as in this, the judgment of the county court is also affirmed.